No. 20-1122 Mr. Sala, whenever you're ready Good morning, Your Honors, may it please the civil rights by the New York City Police Department. Let me, can I ask you a preliminary question, I suppose? Sure. But it's an old expression about don't make it, let's not make a federal case out of this. I mean, why isn't this an assault case under New York law rather than 1983 or anything else under federal law? I mean, it sounds like a classic assault case. Yes, Your Honor. Well, it turns on, first of all plaintiff's lawyers, this is a question we always ask ourselves. Should we bring this case to the state court or federal court? You have to use the microphone. Oh, sorry. Sorry. Speak loud, we can't hear you. I'm sorry, Your Honor. Remember, we're all muffled, so you have to speak loudly. I'll try to raise, I'll try to raise it up a little bit. Can you hear me now? That's better. Yeah, I'm really leaning forward, I'm leaning in. Much better. Okay, so Your Honor, plaintiff's lawyers ask ourselves the same question all the time. Should we bring it in state court or federal court? I prefer state court, but I didn't, I wasn't the original attorney on this case. He brought it in federal court. The thinking is that because he was acting under the color of state law, that this is the police officer, that this is the police officer. He didn't bring it in federal court, he brought it as federal claims. You mean that he brought federal causes of action? Yeah. Yeah, that's, but you would bring the same causes of action in state court, you just, it would just be filed in Supreme Court across the street. But the same case, you would still allege Section 1983 violation, violation of the Fourth Amendment, the Fourteenth Amendment. Those claims would be the same, but they could be heard in state court just as well as in federal court. The choice, some attorneys feel that bringing it in federal court is that the judges in federal court know more about Section 1983 claims than the judges in state court, which I find to be, both judges are equally qualified to hear 1983 cases. So with that, when we get to the heart of the case, which is, in my opinion, does the truth matter? The truth of this case is that on the night of March 7th, 2017, Mr. Feaster, Tom, the plaintiff, was in a restaurant. He had two drinks. He stayed there for about two hours. And when he left, a man followed him out of the restaurant. That man turned out to be police officer James Bartoloti, who was off duty at the time. But when he got outside, he accosted Mr. Feaster and pushed him to the ground, arrested his progress, pushed him to the ground, injuring his hand, shoulder, neck, back, and head, and causing emotional distress and mental health. Counsel, if I could interrupt and ask, is your argument that the proposed amendments don't contradict the original complaint or that they do, but it doesn't matter, it's okay? They do contradict the original complaint. But why it doesn't matter is because the facts are what the evidence is. The evidence is what the evidence is. Well, the way you just stated the facts, you lose. Because you say he found out later. It turned out later. No, no, no. He didn't know at the time he was in the restaurant that this man was a police officer. I didn't get to the point where he was out on the street and when he pushed him to the ground and he said, I'm a police officer and you're a cocksucker and I kill cocksuckers like you. I hate to use their language, but that's... So did the proposed amended complaint assert that the plaintiff would testify that the assailant identified himself as a police officer in the course, before the, before or during making the assault? Well, he testified in a 58 hearing, which is the city gets a pre-action discovery that he couldn't... Can you answer my question first and then go on to say... I can't predict how the plaintiff will testify. I'm asking you what the complaint said. I'm not going to ask you to predict anything. The complaint says that the police officer identified himself as a police officer at some point during the incident, which is what Tom Feaster told the plaintiff when this incident occurred. He's always been consistent in that statement. The problem is that during his 58 hearing, he couldn't remember who told him that, that Bartolotti was a police officer. He said, I don't remember. Someone on the scene told me that. Why... Just so I understand, is the 58 hearing under oath and represented by counsel? Yes. And that wasn't you, that was a prior counsel. That was a prior counsel. That, that is a deposition. Now, if the, if the 58 hearing, if we disagree with your characterization of the testimony at the 58 hearing, and we find that the proposition that, that the, that the officer identified himself to the plaintiff, and the plaintiff would testify that the officer identified himself as an officer to the plaintiff, and that is contradicted by the 58 hearing, is that a fair basis to render the complaint insufficient as a matter of law? No, it's not. Because what is dispositive is what Bartolotti did, not what the plaintiff remembers in his 58. Bartolotti identified him... When we're judging a complaint, we don't know what the, what the, what the truth is. All we see is what's in the complaint. And I'm asking you, is the complaint sufficient? And you answer, no, what matters is what really happened. No, no, the amendment... There's no way a judge can know what really happened. The judge looks at the paper. Your Honor, Your Honor, the, the original complaint is not sufficient. That's why I amended it. No, I'm asking you about the second complaint. The second complaint is sufficient, and it does state... Why? Because it states that Bartolotti, what he did... All right. So my question is, my question is, and explain your answer, is it rendered insufficient by the fact that it's contradicted, if it is contradicted, by his prior testimony in a 58 hearing? Well, first of all, it's not inconsistent with the 58 hearing. But if you assume that it is, I would say it still doesn't, that doesn't negate the amendment to the, to the complaint. Because what matters is his statement two hours after the incident to the police, which they've had ever since then, and his statement in the amended complaint, which are the same. He didn't have that, that, that original complaint. Also, when he gave his 58 testimony, he couldn't remember what he told the police officers 13 months prior. But the case law states that what matters is what the police officer does, not what the plaintiff thinks he's doing. There's a case I cited, Davis v. Lindbrook, where the, the, the victim didn't believe that the guy was a cop when he was saying, I'm a cop, I'm pulling you over. He was an off-duty drunk cop. But he was deemed to be acting under the color of State law because he said, I'm a police officer and I'm pulling you over. It's the same thing here. When he said, I'm a police officer and I'm going to kill you because you're gay, that is acting under the color of State law, and that's what suffices. The real question is, under Rule 15, is if I can amend the complaint. Now, my perception of the, of his testimony at the 58 hearing was that, that, that he testified when asked how he found out that the person who was attacked him was a police officer, his answers were inconsistent. First, he said he heard it at the precinct. Then he said he heard it from someone else at the scene. Neither of those is that he was told it by the police officer. The, the fair implication of that, it seems to me, is that he testified at the 58 hearing that he did not hear it from the police officer. And my question is, that I asked you before, is if we find them inconsistent, if we find the 58 hearing inconsistent with the statement of the police officer, does that render the complaint, which alleges the latter, insufficient? No. As I, as I tried to state before, because what matters is what Bartolotti did, not what Feaster could remember during his 58 hearing. It would be the same as if a, there are rape victims who can't remember their rapist. They can't even remember the rape. Doesn't mean that the rape didn't happen. The same thing is true here. Did he say, did he say in the 58 hearing, I can't remember? He said, I don't remember. He gave some, some strange answers. I can't explain them, but he did, he did say, consistent with everything, that someone on the scene told me that Bartolotti was a cop. That is consistent with Bartolotti being the one who told him. Now, somebody at the scene could be Bartolotti? Bartolotti was on the scene, the, the, the, the assailant. So it's, it's not entirely inconsistent. But I would submit to you that that would ignore the truth of what really happened that night, and that is that Bartolotti threatened to kill a man by invoking the power of the police department. That happened. Now we can, why, why would we ignore that? Why can we, you know, we should, we should not excuse that kind of conduct. The other thing is we should allow for the complaint to be, to conform to the evidence in the record. Just as if at a trial, at the end of the trial, it's routine to ask the judge to conform the pleadings to, to, to the evidence presented. And I'm, I'm saying that's what we should do here. Thank you, counsel. You've reserved two minutes for rebuttal. Thank you, Your Honor. Ms. Lawless. Good morning, Your Honors. May it please the Court, Diana Lawless on behalf of the City of New York, the FLE. This case is about the four corners of a complaint. The district court properly denied leave to amend a complaint. As Judge Sack started here, this was not a federal case. As pleaded to have a 1983 action, the only defendant here named was the City of New York, there needs to be state action. The original complaint, the plaintiff does not dispute, does not show state action. I certainly agree with you that what matters is the four corners of the complaint. But it seems to me that it's the fair inference of the proposed amended complaint. It's the fair inference that it alleges that the police officer identified himself to the plaintiff as a police officer before or during the assault. So, what I'm troubled by is, is if that is, if that proposition was contradicted by earlier testimony of the plaintiff, which, if that earlier testimony could be interpreted to mean he did, the police officer did not identify himself to me during or prior to the assault, is the amended complaint rendered a nullity for purposes of that element by the fact that it was contradicted by prior testimony? Or is that just a matter of its having asserted facts as to which there are, as to which there are, there is a line of precedent in the district courts that this Court's adopted that when the proposed amended complaint contains factual allegations wholly consistent with the allegations of the prior complaint, there's no abuse of discretion denying leave to amend. And I think that has to do with notice principles. So, here  The district court say that was, it suggested bad faith that the amendments were arguably in conflict with the prior testimony, the 50H testimony and the prior complaint? I believe the district court did. I have to, I don't remember exactly what the district court said. It was futility grounds, but I just don't know whether, the implication seemed to be bad faith, but I don't know that that was made clear. I don't know that it was made clear by the district court either, but I think it was something within the discretion of the district court, and I think it's more relying on notice principles to the defendant. Here, it was, I think it was prejudicial to the defendant. The defendant here, the city was aware that there was an altercation with someone who the plaintiff learned was a police officer later. The city can't be held liable, as Judge Sachs said. But now, all of a sudden, we're changing that totally by saying, oh yes, this person was acting under color of state law because they I think also by the documentary evidence that the plaintiff is attached to the complaint, I think that that's another reason, that the contradictions, I think the contradictions are fair game to look at because of that. And I would like to point out that nothing, even the one IAB log that the plaintiff points to, doesn't support the allegation as far as he wants it to go. He wants to allege in the new complaint, as Judge LaValle said, that would state the cause of action, that the identification came at the beginning. All it says in the IAB log is that the plaintiff identified, he identified himself as an officer at some point. At some point could mean at the end of the altercation and then that's just not enough. So I don't... So I guess, to my mind, leave is typically liberally granted in these situations and the amended complaint typically always replaces the original. And so even if there's a contradiction, it's not weighed out under the rules. And I'm just wondering why here we should disregard that. And if the district court explained, other than futility, how that was weighed out. I think the district court relied on the contradictions quite significantly. But I think if Your Honor looks at the precedent, I noted in my brief, that the district courts have applied on this quite frequently and that this court's adopted it at least once in a summary order. But do you have, you say that, I'm not sure what courts you were identifying when you said there is authority, that it is justification to not allow an amended complaint if it contradicts what was in the original complaint. Sure, I have a bunch of... That doesn't really make much sense to me, but I want to know what is the, what authority do you have for that proposition? Is that court of appeals authority or is it just district court decisions? I have one summary order from this court, which is VLD products versus remote products. I would refer, Your Honors, to page 15 of my brief. I cite that precedent on note 8. I cite the principles where the district courts have discussed it. And the way that I see it, it's really about prejudice and fair pleading where a person makes one claim. And Your Honors, I can't dispute that people add claims all the time. But I don't know that people change their claims 180 degrees like this plaintiff has and that that's been allowed within the court's discretion. I mean, there can be perfectly good reasons to change the pleading 180 degrees for example, if the circumstances are such that in the in-between time that between the drafting of the first complaint and the amended complaint, the plaintiff learned new facts that support the completely contradictory assertion. That would come within the rule that you just stated that if the second complaint contradicts the first, no good, it's not allowed. So that doesn't seem to be a well-reasoned rule. And you say that you have no authority for that proposition other than a summary order of our court. There's no opinion. I have not seen a written opinion on that, Your Honor. But we would, I mean, I believe that in this specific case where it's information that I know the plaintiff says it wasn't within his knowledge. It was his claim. I mean, the plaintiff gets to decide what claim he's going to bring. And he wanted to bring a claim against somebody who happened to be a police officer. He wants to change that to be a claim against someone who did something because they were a police officer. And I think that that supports the rule here that that can't be changed. The district court did not abuse its discretion to disallow that amendment. That happened after, by the way, a 12C motion. This only all happened after the city moved to dismiss the first complaint. But I would also point here, and we really do believe that that's the reason to say that amendment was properly denied. The city's the only defendant here. There's a separate ground. Your Honors don't even have to reach that ground to get the city to affirm here. The plaintiff failed to plausibly allege that he was injured as a result of municipal policy or custom. I'm sorry. The masks make everything blurred. Oh, sorry. And you're speaking very fast. Oh, sorry about that, Your Honor. It's very hard to understand what you're saying. Sure. So I'm just saying on the Monell basis, Your Honor, that because the city was the only defendant here named in the case, there had to be a policy or practice. There was not one alleged. The allegations that are five bare allegations of five. I think that's clear. But why does it make sense that the . . . Why does it make sense to have a rule that if a proposed amended complaint contradicts the prior complaint, it's to be disallowed? It's within the district judge's discretion, complete discretion to disallow it for that reason alone. Or as in this case, that doesn't exactly state that's the rule you're relying on. Our facts are a little bit different. Our facts are that the proposed amended complaint contradicts what the plaintiff said in a prior hearing. Why is that? What justifies the rule that that prior complaint is vulnerable to being dismissed simply because of that fact, the contradiction? I believe, Your Honor, I would rely on what belief that I would have as the reasoning behind it. I would feel that it's just notice to the defendant, fair notice of what the claims are. Well, you haven't noticed what the claims are. Fair notice before the pleading is accepted as a pleading in the court? You don't have to know what's being claimed before the pleading is made. And as of the time that the pleading is made, it's clear what it's saying. In this case, his pleading is saying, the police officer told me. That gives you notice of what the complaint is alleging. I agree with you, Your Honor, except that I think here the city was able to get out of the case on a 12C motion, because the city could only be liable if it's a policy or practice. I know you can get out because of policy or practice. I'm sorry. Do you represent the police officer? We are not representing the police officer because the police officer was not served. The police officer was never served. The police officer was not named in the first complaint. The first complaint was only against the city. When the plaintiff made the motion to amend, the plaintiff did not attempt to serve the police officer. So I'm only here representing the city. Oh, so your answer to me then, I gather, could be whatever you think about the proposition you're asking me about. But the case has to be dismissed against us on Monell grounds. Right. So we don't need to talk about it. Exactly. About the inconsistency of the complaint. Yes, Your Honor. Okay. Hold on. I thought the police officer was part of the case. No, he's not. And he was, as Your Honor probably knows, there's a representation process that was not undergone here because the police officer was never served. And we're not making any representation about whether we would or would not represent the police officer, which would be a question of state law. If Your Honors have no further questions, I'll rest on my brief. We ask that you affirm. Thank you, Counsel. Mr. Salo, you have two minutes remaining for rebuttal. One thing I'd like to say is I was at the oral argument hearing and Judge Daniels did not accuse me of any bad faith. And you're welcome to read the oral argument colloquy between the judge and I at Appendix 107 to 198. Is it true that what is before us is the Monell claim? The claim against the city and Monell. Yes, Your Honor. The city will never, there is no written policy, I don't think, ever since Jane Monell was discriminated against at the Department of Social Services. I don't think the city has ever. What specifically is the policy or practice that you're alleging? I'm alleging that under the nine principles of policing by Sir Robert Peel, written in 1829, that every police chief has said he follows. The first principle is to deter, prevent crime and disorder. The way to prevent and deter crime and disorder to the New York City Police Department is to use physical violence to strike fear into the hearts of criminals. They view homosexuality as a criminal behavior still. You think, well, 2021, but they still do it. They view it as degenerate. So that last statement, the last two sentences, that's the policy or practice? That's the policy or practice. It's an ingrained bigotry, hatred and policy, unwritten policy of abusing, harassing, and terrorizing members of the gay community. That's my Monell claim. Now, I don't have to prove the Monell claim at this point. I just have to make out a factual allegation that's plausible on its face. And that's what I've done in the amended complaint. So, if there's anything else. And you passed the Iqbal test, making it plausible that the municipality has a policy and practice of harassing officers to abuse and terrorize and assault? Yes, Your Honor. And I'm prepared to hire an expert. I have an expert in mind that will come in and talk about. Obviously, this is going to have to be proved through circumstantial evidence that you're going to have to see a pattern and then infer, the jury will have to infer the policy underlying it. The other thing, just one more thing I remembered, is that we used to call the 12B6 motion the plaintiff's best friend when I first started. That's what I was taught. Because it allows the plaintiff, tells the plaintiff what was wrong with the complaint. And you amend the complaint. Sometimes we used to amend complaints two, three, four times. That's what I attempted to do here to fit the evidence that I discovered after the original complaint was filed. That's when we found out that... So you were representing the plaintiff on the second complaint, but not the first? Not the first complaint. So you just came in and replaced a bad complaint with what you considered to be a good complaint? Yes, Your Honor. With no bad intent meant. Okay. Thank you, counsel. Thank you, Your Honor. We'll take the case under advisement.